IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT L. ROBINSON, II,**

        CASE NO. 2:20-CV-6302
   **Petitioner,**        JUDGE JAMES L. GRAHAM
        Chief Magistrate Judge Elizabeth P. Deavers

   v.

**STATE OF OHIO,**

   **Respondent.**

## ORDER AND REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Petitioner has filed a Motion for Leave to Proceed *in forma pauperis* with an attached prison account statement. (ECF No. 1.) Upon consideration, the Court finds the Motion to be meritorious, and therefore, it is **GRANTED**.

**WHEREUPON, IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so appear, the petition

must be dismissed. *Id*. With this standard in mind, and for the reasons that follow, it is therefore **RECOMMENDED** that this action be **DISMISSED.**

## I.     FACTS AND PROCEDURAL HISTORY

Petitioner challenges his March 13, 2019 convictions after a jury trial in the Madison County Court of Common Pleas on possession of drugs and operating a vehicle with a hidden compartment for transportation of a controlled substance. The trial court imposed a term of five years' incarceration. On December 30, 2019, the state appellate court affirmed the trial court's judgment. *State v. Robinson*, 12th Dist. No. CA2019-04-009, 2019 WL 7287148 (Ohio Ct. App. Dec. 30, 2019). On June 9, 2020, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Robinson*, 159 Ohio St.3d 1408 (Ohio 2020).

On December 9, 2020, Petitioner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that his convictions violate the Fourth Amendment because police improperly stopped and searched his automobile without a warrant or exigent circumstances. These claims, however, do not provide Petitioner a basis for habeas corpus relief.

## II.     FOURTH AMENDMENT CLAIMS

Generally, Fourth Amendment claims do not provide a basis for federal habeas corpus relief, so long as the petitioner had an opportunity to present the claim to the state courts. *Stone v. Powell,* 428 U.S. 465, 482 (1976); *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (opportunity for full and fair litigation of a Fourth Amendment claim exists where the state procedural mechanism presents an opportunity to raise the claim, and presentation of the claim was not frustrated by a failure of that mechanism.)

> One, the key purpose of federal habeas corpus is to free innocent prisoners. But whether an investigation violated the Fourth Amendment has no bearing on whether the defendant is guilty. [*Stone v. Powell*], at 490, 96 S.Ct. 3037. Two, exclusion is a prudential deterrent prescribed by the courts, not a personal right guaranteed by

>the Constitution. Any deterrence produced by an additional layer of habeas review is small, but the cost of undoing final convictions is great. *Id*. at 493, 96 S.Ct. 3037.

*Good v. Berghuis*, 729 F.3d 636, 637 (6th Cir. 2013). Ohio permits a criminal defendant to file a motion to suppress evidence prior to trial. See Ohio R. Crim. P. 12(C)(3). Here, "Robinson filed multiple motions to suppress the evidence seized, claiming that the traffic stop and subsequent search were unconstitutional. The trial court denied Robinson's motions, and the matter proceeded to trial." *State v. Robinson*, 2019 WL 7287148, at *1. Petitioner thereafter raised the issue in the Ohio Court of Appeals, and had the opportunity to do so in the Ohio Supreme Court. Thus, there exists no basis upon which to find that Petitioner could not present his claims under the Fourth Amendment because of a failure of Ohio's procedural mechanism. Although Petitioner did not obtain a ruling in his favor, he had multiple opportunities to litigate this claim.

## III. **DISPOSITION**

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report*

*and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

    _s/ *Elizabeth A. Preston Deavers*___
Elizabeth A. Preston Deavers
Chief United States Magistrate Judge