**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ROBERT L. ROBINSON,**

      **Petitioner,**

      v.

**STATE OF OHIO,**

      **Respondent.**

**CASE NO. 2:20-CV-6302**
**JUDGE JAMES L. GRAHAM**
**Magistrate Judge Elizabeth P. Deavers**

**OPINION AND ORDER**

On December 11, 2020, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 3.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 4.)

Petitioner asserts that his convictions on possession of drugs and operating a vehicle with a hidden compartment for transportation of a controlled substance violate the Fourth Amendment. The Magistrate Judge recommended dismissal of this claim as failing to provide a basis for relief. *See Stone v. Powell*, 428 U.S. 465, 482 (1976); *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). Petitioner objects. Petitioner maintains that this Court should apply the exclusionary rule in view of the facts of this case. The record, however, indicates that the state courts provided Petitioner the opportunity for full and fair litigation of his Fourth Amendment claims. Under these circumstances, this Court cannot now again address the issue here.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review.  Petitioner's Objection (ECF No. 4) is **OVERRULED**.  The Report and Recommendation (ECF No. 3) is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability.  "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court."  *Jordan v. Fisher*, 576 U.S.1071, ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).  When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims.  The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED**.

Date: January 5, 2021

                                                 s/James L. Graham
                                                 **JAMES L. GRAHAM**
                                                 **UNITED STATES DISTRICT JUDGE**